

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JANE MCCARTHY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:11-cv-00356-A |
| | § | |
| BANK OF AMERICA, NA, BAC HOME | § | |
| LOANS SERVICING, LP, and FEDERAL | § | |
| HOME LOAN MORTGAGE | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY IN SUPPORT OF
PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Jane McCarthy (hereinafter "Plaintiff") seeks leave to file a sur-reply in support of her Response and Brief in Support of Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (hereinafter "Response"). Plaintiff would show the Court as follows:

**I. Introduction and Background**

Plaintiff filed her Verified Original Petition in Texas state court on or about May 4, 2011 and on May 27, 2011 Defendants removed the case to Federal Court. Defendants filed Defendants' Motion to Dismiss Plaintiffs' Verified Original Petition on July 5, 2011. Plaintiff filed her Response and Brief in Support of Plaintiff's Response to Defendants' Motion to Dismiss on July 26, 2011, asking the Court to deny the motion in its entirety and instead grant her leave to amend her pleadings, if necessary, and to further conduct discovery and address the merits of her claims against Defendants. On September 9, 2011 the Court granted leave for

Plaintiff to file her First Amended Complaint, stating that Plaintiff had pled facts "sufficient to substantiate a right to relief above the speculative level but she could plead more facts to substantiate those claims." *See* Doc. 23. On September 19, 2011, Plaintiff filed her First Amended Complaint ("Complaint"). Defendants filed their Motion to Dismiss Plaintiff's Complaint on October 3, 2011 and Plaintiff filed her Response to Defendants' Motion to Dismiss on October 24, 2011. Then on November 7, 2011, Defendants filed their Reply in Support of their Motion to Dismiss ("Reply").

## II. Argument

The Local Rules of the Northern District of Texas address the filing and timing of filing of motions, responses to motions, and replies to motions. See Local Rule 7.1 generally. However, the Local Rules do not address filing of a sur-reply, and thus Plaintiff seeks leave from the Court to file a Sur-Reply ready for filing nine days after the Reply was filed. Plaintiff acknowledges that a sur-reply is not always necessary or prudent. In this instance, however, Plaintiff seeks leave to file a sur-reply because Defendants' Reply raises several issues for the first time in the Reply that were not addressed in their motion to dismiss. Additionally, Defendants have cited new cases in their Reply and Plaintiff requests the opportunity to discuss these new cases. Therefore, Plaintiff now files this motion for leave to file a Sur-Reply to Defendants' Reply.

Taking into consideration that Defendants are seeking to have Plaintiff's claims dismissed on a motion prior to addressing the complicated claims on the merits, Plaintiff seeks the Court's permission for leave to file her sur-reply in the interests of justice, given that Defendants raised numerous issues for the first time in its Reply seeking to have Plaintiff's

claims dismissed. Plaintiff does not seek to prolong the Court's review process, rather she seeks due process.

Plaintiff does not attempt to do injustice or gain unfair advantage in filing a sur-reply, she merely seeks to have equal opportunity to be heard by the Court and to prevent her valid and well-pled causes of action from being dismissed prior to any opportunity to address the claims on the merits.

For these reasons, Plaintiff seeks leave of the Court to file the sur-reply, attached hereto.

Respectfully submitted,

By: _____
J. B. Peacock, Jr.
State Bar No. 15678500
Cynthia K. Shanklin
State Bar No. 24004914
David M. Vereeke
State Bar No. 20547500
Tracy M. Turner
State Bar No. 24076743

**GAGNON, PEACOCK,
  SHANKLIN & VEREEKE, P.C.**

4245 North Central Expressway
Suite 250, Lock Box 104
Dallas, Texas 75205
Telephone: (214) 824-1414
Facsimile: (214) 824-5490

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

This certifies that we have contacted the attorney for Defendants, Mr. D. Stewart Clancy, to discuss the merits of this motion. Mr. Clancy is opposed. Therefore, this matter is presented to the Court for determination.

_____
Of Counsel

## CERTIFICATE OF SERVICE

The following document was served on Mr. D. Stewart Clancy (and all parties receiving electronic service) per the local and federal rules of procedure via either forwarding same as first-class mail with the United States Postal Service or by causing same to be filed in this case via electronic transmission via portable document format (.pdf) to the EM/ECF Internet web portal for this Court in this Case on the 16 day of November, 2011.

_____
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JANE MCCARTHY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:11-cv-00356-A |
| | § | |
| BANK OF AMERICA, NA, BAC HOME | § | |
| LOANS SERVICING, LP, and FEDERAL | § | |
| HOME LOAN MORTGAGE | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | |

### ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

There came on to be heard the Motion for Leave to file Plaintiff's Sur-Reply in Support of Plaintiff's Response to Defendants' Motion to Dismiss filed by the Plaintiff Jane McCarthy in the above-numbered and styled case, seeking leave to file her Sur-Reply and Brief in Support of her Response to Defendants' Motion to Dismiss. After a review of the pleadings on file, the Court,

**GRANTS** the motion.

It is so ORDERED.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JANE MCCARTHY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:11-cv-00356-A |
| | § | |
| BANK OF AMERICA, NA, BAC HOME | § | |
| LOANS SERVICING, LP, and FEDERAL | § | |
| HOME LOAN MORTGAGE | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S SUR-REPLY IN SUPPORT OF PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Jane McCarthy (hereinafter 'Plaintiff') asks the Court to deny Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, and would show unto the Court as follows:

### I. Introduction

Defendants continue to cling to their claims that Plaintiff cannot sustain her claims pled in Plaintiff's First Amended Complaint (hereinafter "Complaint"). However, Plaintiff has pled sufficient facts which, if taken as true, as is required in the context of a motion to dismiss, show that Defendants' arguments fail.

### II. Argument

Defendants' counsel, for the first time, argues that the cases cited in footnote 2 of Defendants' Reply are identical claims asserted in this case. The cases cited are not precedent and until they are made precedent by the 5th Circuit, Plaintiffs are entitled to make these

arguments. Each of the cases cited have different facts. For example, *Wigginton v. Bank of New York Mellon*, 2011 WL 2669071 (N.D. Tex. 2011) deals with a home equity loan. Additionally, the cases cited are on appeal or are still before the Court. Therefore, Defendants' accusations in their footnote are unfounded and not appropriate.

A.   **BANA Lacked Authority to Foreclose**

Defendants cite to *Wiggington* for the first time in their Reply to support their position that BANA had authority to foreclose. *See* Def. Reply at p. 2; *Wigginton* WL 2669071. The facts of this case are distinguishable from *Wigginton*. The *Wigginton* case involved a state court pleading regarding a home equity loan. *Id.* Further, the Court in *Wigginton* stated that if Plaintiff filed a motion for leave to amend her pleading, then the Court would consider the merits of her request. The Motion for Leave to Amend is still pending. The Defendants also cite to *Richardson v. CitiMortgage, Inc.*, No. 6:10-CV-119, 2010 WL4818556, at *5 (E.D. Tex. Nov. 22, 2010). However, *Richardson* is a summary judgment case where the Deed of Trust stated "MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property" *Id.* at 1. The Deed of Trust in the present case lacks such language. Further, the instant motion is a Rule 12(b)(6) motion, not a summary judgment motion. Therefore, Plaintiff's claim that BANA was not the holder of the Note and lacked the authority to foreclose should not be dismissed.

B.   **An Enforceable Unilateral Contract Existed which is Not Barred by the Statute of Frauds**

Plaintiff pled sufficient facts in her Complaint showing the creation of a unilateral contract between herself and BANA and breach of that unilateral contract by BANA. Plaintiff pled that BANA's representative, Ms. Cunningham, advised Plaintiff that all information had been received for the loan modification. AC¶ 16. When Plaintiff received a letter stating that her

loan modification had been denied because she failed to submit the required documentation, Ms. Cunningham told Plaintiff that all information had been received and that her loan modification was still under review. AC¶ 16. Plaintiff also pled that Ms. Cunningham told Plaintiff to ignore the letters from BANA's attorneys and that Plaintiff should receive a FedEx package with a trial payment plan. AC¶ 17. Ms. Cunningham told Plaintiff, on numerous occasions, that BANA does not foreclose during the loan modification process and to ignore the letters from BANA's attorneys. AC¶ 18. Plaintiff further pled that in January 2011, Ms. Cunningham told her that Freddie Mac was going to send the trial payment plan soon (which Plaintiff had been waiting for since June 2010) and that there was not going to be a foreclosure sale on February 1, 2011. AC¶ 20.

As stated in Plaintiff's Response, the Texas Supreme Court has held that unilateral contracts can be formed upon performance. *Alex Sheshunoff Management Services, L.P. v. Johnson*, 209 S.W.3d 644, 649-50 (Tex. 2006). Plaintiff's reliance on Defendants' promises constituted a contract which was breached by the Defendants when it posted Plaintiff's property for foreclosure sale. *See In re Bank of America*, No. 10-md-02193, 2011 WL 2637222, at *4-5 (Mass. July 6, 2011) (Plaintiffs gave consideration in the form of legal representations about the material truth of information provided, promises to undergo credit counseling (if asked), opening new escrow accounts, and provision of financial information and trial payments).

C.  **Defendants' Waiver of the Right to Enforce**

Defendants now claim that the Deed of Trust provides that a forbearance by Lender of its rights or remedies does not constitute a waiver of any right or remedy, and therefore Plaintiff's waiver argument fails as a matter of law. However, that is not what Texas law holds. Texas law specifically contemplates waiver by actions, continued performance, and representations, which can result in waiver, regardless of the terms of the contract. *See Longview Savings & Loan*

*Association v. Nabours,* 673 S.W.2d 357 (Tex. App.-Texarkana 1984, aff'd on other grounds); *Trickey v. Gumm,* 632 S.W.2d 167 (Tex. App.—Waco 1982, no writ). *See also Delgado v. Methodist Hosp.,* 936 S.W.2d 479, 485 (Tex. App.—Houston [14th Dist.] 1996, no writ); *Fairfield Fin. Group, Inc. v. Gawerc,* 814 S.W.2d 204, 209 (Tex. App.—Houston [1st Dist.] 1991, no writ); *Seismic & Digital Concepts, Inc. v. Digital Res. Corp.,* 590 S.W.2d 718, 721 (Tex. Civ. App.—Houston [1st Dist.] 1979, no writ). Waiver can be shown through (1) the express renunciation of a known right or (2) silence or inaction for so long as to show the intent to yield a known right. *SP Terrace, L.P. v. Meritage Homes of Texas, LLC,* 01-09-00155-CV (Tex.App.-Houston [1st] Dist., May 6, 2010); see *Motor Vehicle Bd. v. El Paso Indep. Auto Dealers,* 1 S.W.3d 108, 111 (Tex. 1999). Waiver also results from acts that induce the other party to believe that the party will not insist on exact performance within the contractual time limits. *See Kennedy Ship & Repair, LP v. Pham,* 210 S.W.3d 11, 20 (Tex. App.-Houston [14th Dist.] 2006, no pet.); *see also KMI Continental Offshore Prod. Co. v. ACF Petrol. Co.,* 746 S.W.2d 238, 243 (Tex. App.-Houston [1st Dist.] 1987, writ denied) ("[A] waiver can occur if a party knowingly possessing the right acts in such a manner that the party misleads the opposing party into believing that a waiver has occurred."); *Alfred, Meroney & Co. v. Rowe,* 619 S.W.2d 210, 213 (Tex. App.-Amarillo 1981, writ ref'd n.r.e.). See also *Longview Savings & Loan Association v. Nabours,* 673 S.W.2d 357 (Tex.App.-Texarkana 1984, aff'd on other grounds).

As stated above, the instant motion is a Rule 12(b)(6) motion, not a summary judgment motion. Plaintiff is required only to plead enough facts, which must be accepted as true, in order to show that a claim to relief is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Plaintiff did not bring a cause of action for waiver, she brought numerous causes of action against Defendants, including

claims for breach of contract and anticipatory breach of contract, and she supported these claims with ample facts exhibiting breach and anticipatory breach of contract, including facts showing waiver by Defendants. The only relevant inquiry in this context is what is contained in the Petition, not whether Plaintiff's various arguments, given evidence in the case, can survive summary judgment. Quite simply, there are ample facts showing a plausible claim to relief, and the Court should not dismiss the breach of contract and anticipatory breach of contract claims.

D.  **Plaintiff Pled Sufficient Facts to Support an Anticipatory Breach of Contract Claim**

Defendants argue that Plaintiff has failed to allege any facts to support an anticipatory breach of contract claim. Plaintiff pled volumes of facts showing that Defendants committed numerous actions that show an absolute repudiation of their obligations under the contract, such as failing to properly keep track of Plaintiff's documents, repeated failures to properly and timely process the loan modification application, failure to provide the required notice of default and opportunity to cure prior to setting the property for foreclosure, and failure to respond to Plaintiff's repeated requests for information regarding her account and the status of her loan modification, among other things. AC¶ 9-24. Plaintiff also pled that Defendants' own letters stated that "no foreclosure sale will be conducted and you will not lose your home during the Home Affordable Modification Program evaluation." AC¶ 22, 24. Additionally, Defendants own letter stated Plaintiff had until April 6, 2011 to submit the requested information, however, Defendants foreclosed on Plaintiff's property on April 5, 2011. AC ¶ 22-23.

Plaintiff pled sufficient facts illustrating Defendants absolute repudiation of its contractual obligations through BANA's foreclosure on the Property despite stating that it would not foreclose during the loan modification process, and, failure to give the proper notices to Plaintiff, as required by both the Deed of Trust and Texas Property Code §51.002.

E.  **Plaintiff has Stated Viable Claims that Defendants Violated the TDCPA and is Entitled to Damages under the DTPA**

Plaintiff pled sufficient facts showing that Defendants violated each of the provisions raised in her Complaint under the TDCPA, and will not restate them here.

In Defendants' Reply, they go to great lengths to try to demonstrate that foreclosure is not debt collection under the federal debt collection act, ergo, it is not debt collection under the Texas statute. They cite two summary judgment cases in support, *Bergs v. Hoover, Bax & Slovacek, L.L.P.*, No. 3:01-CV-1572-L, 2003 WL 22255679, at *5-6 (N.D. Tex. Sept. 24, 2003) and *Blanche v. First Nationwide Mortg. Corp.*, 74 S.W.3d 444, 453 (Tex. App. – Dallas 2002, no pet.), where the Plaintiff failed to offer competent summary judgment evidence. Those cases are inapplicable to the instant case because the instant motion is a Rule 12(b)(6) motion, not a summary judgment motion. Plaintiff is only required to have pled enough facts that must be accepted as true to show that a claim to relief is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As to *Blanche*, there was no evidence that Nationwide engaged in unfair or prohibited debt collection practices, so the Court granted summary judgment. But see *Waterfield Mortgage Co. v. Rodriguez*, 929 S.W.2d 641. (Tex. App.-San Antonio 1996, no writ), where the Court found that the Defendants violated the Texas Debt Collection Act, i.e., misrepresented the character, extent, or amount of a debt against a consumer. Also in *Wells Fargo Bank, NA, as Trustee v. Laureno A. Ballestas et al*, No. 01-10-00020-CV (Tex. App.—Houston [1st Dist.] May 12, 2011), the Court stated as follows, to-wit:

> "In the prior proceeding, there was a real controversy between the Ballestas and Wells Fargo as to whether or not Wells Fargo could collect on the promissory note by

foreclosing on the Ballestas' homestead. Because Wells Fargo's ownership of the promissory note was an essential element of its right to collect, whether by foreclosure or otherwise, this controversy would be determined by a judgment that Wells Fargo did not own the promissory note. See *Cadle*, 21 S.W.3d at 674; *Clark* 658 S.W.2d at 295. The Ballestas thus have standing to seek declaratory judgment that Wells Fargo did not own the promissory note and did not have a right to foreclose. See *Lovato*, 171 S.W.3d at 849. Because the Ballestas had standing, the 280th District Court had subject matter jurisdiction to determine that Wells Fargo did not own the promissory note and did not have a right to foreclose. See *Joachim*, 315 S.W.3d at 863, 865."

Clearly the Court contemplates that foreclosure is a form of collection.

**F.      Plaintiff's Petition Supports an Unreasonable Collection Efforts Claim**

Texas law supports a claim for unreasonable collection efforts, and numerous Texas cases have defined what behavior constitutes "unreasonable collection efforts," such as "efforts which an ordinary person of ordinary prudence in the exercise of ordinary care on his or her part would not have exercised under the same or similar circumstances." *Employee Finance Co. v. Lathram*, 363 S.W.2d 899 (Tex.Civ.App.-Fort Worth 1962), aff'd in part, rev'd in part on other grounds, 369 S.W.2d 927 (Tex. 1963); *Ware v. Packston*, 359 S.W.2d 897 (Tex. 1962); see also Tex. Jur. Collections Section 10. Moreover, Texas courts have held "the elements are not clearly defined and the conduct deemed to constitute an unreasonable collection effort varies from case to case." *EMC v. Jones,* 252 S.W.3d 857, 868 (Tex.App.-Dallas 2008, no pet.). Plaintiff pled pages and pages of facts showing BANA exceeded the bounds of reason because it continually failed to provide Plaintiff with correct information regarding her loan modification and that BANA sent notices of foreclosure prior to giving Plaintiff the right to cure, in violation of the Deed of Trust and the Texas Property Code §51.002(d). AC¶¶9-26. Specifically, BANA sent Plaintiff a letter informing her that she had until April 6, 2011 to submit the requested documents. However, Defendants foreclosed on April 5, 2011. AC¶22. Further, Plaintiff pled that she was being harassed by BANA. AC¶20. Accordingly, Plaintiff pled enough facts

showing that BANA did not have legal authority to take the actions it took, and that Defendants engaged in unreasonable collection efforts.

Misrepresentations cannot be reasonable regarding the tort of unreasonable debt collection efforts, when they are not reasonable with regard to the Texas Debt Collection Act, Tex. Fin. Code § 392.304(a).

**H.   Plaintiff's Negligence Claims Do Not Fail as a Matter of Law**

Defendants for the first time argue that Plaintiff is unable to explain how her claim survives *Blanche*, 74. S.W.3d 444. However, as stated above, *Blanche* was a summary judgment case. Further, Defendants did not mention or explain how *Blanche* is applicable to this case in their Motion to Dismiss nor did Defendants explain what the holding or standard was that Plaintiff did not allegedly meet. Authorities and arguments raised for the first time in a Reply brief are inappropriate and should not be considered by the Court.

Respectfully submitted,

By: _____
J. B. Peacock, Jr.
State Bar No. 15678500
Cynthia K. Shanklin
State Bar No. 24004914
David M. Vereeke
State Bar No. 20547500
Tracy M. Turner
State Bar No. 24076743

**GAGNON, PEACOCK,**
  **SHANKLIN & VEREEKE, P.C.**

4245 North Central Expressway
Suite 250, Lock Box 104
Dallas, Texas 75205
Telephone:  (214) 824-1414
Facsimile:   (214) 824-5490

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The following document was served on Mr. Stewart Clancy (and all parties receiving electronic service) per the local and federal rules of procedure via either forwarding same as first-class mail with the United States Postal Service or by causing same to be filed in this case via electronic transmission via portable document format (.pdf) to the EM/ECF Internet web portal for this Court in this Case on the 16 day of November, 2011.

_____
Of Counsel