FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2012 JAN -6  AM 11:06

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JANE MCCARTHY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No.: 4:11-cv-00356 — A |
| | § | |
| BANK OF AMERICA, NA, BAC | § | |
| HOME LOANS SERVICING, LP, and | § | |
| FEDERAL HOME LOAN | § | |
| MORTGAGE CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Bank of America, N.A., individually and as successor by merger to BAC Home Loans Servicing, LP, ("BANA" and "Defendant") files this Answer to Plaintiff's First Amended Complaint (the "Complaint"). As authorized by FED. R. CIV. P. 12 and 13, Defendant hereby states as follows:

### I. ANSWER

#### Parties

1. Defendant is without sufficient information to admit or deny the allegations in paragraph 1 of the Complaint, and therefore denies the same.

2. Defendant admits the allegations in paragraph 2 of the Complaint.

3. At the time of the filing of this action BAC Home Loans Servicing, LP, was a limited partnership owned by BANA LP, LLC and BAC GP, LLC who are both wholly owned subsidiaries of Bank of America, N.A. Effective July 1, 2011, BAC Home Loans Servicing, LP merged into Bank of America, N.A.

4. Defendant is without sufficient information to admit or deny the allegations in paragraph 4 of the Complaint, and therefore denies the same.

## Jurisdiction and Venue

5. Defendant admits this court has jurisdiction as set forth in paragraph 5 of the Complaint.

6. Defendant admits venue is proper in this court, as alleged in paragraph 6 of the Complaint.

## Agency and Respondeat Superior

7. To the extent paragraph 7 of the Complaint asserts any factual allegations, Defendant denies.

## Facts

8. Defendant admits Plaintiff was a prior owner of the property located at 4617 Cougar Ridge Road, Fort Worth, Texas 76126. To the extent paragraph 8 asserts any additional factual allegations, Defendant denies.

9. Defendant admits Plaintiff executed a note and deed of trust on or about May 28, 2004. To the extent paragraph 9 asserts any additional factual allegations or allegations inconsistent with the note and deed of trust, Defendant denies.

10. Defendant states the note, deed of trust, and all recorded assignments speak for themselves. To the extent paragraph 10 asserts any additional factual allegations or allegations inconsistent with the note, deed of trust, or any recorded assignment, Defendant denies.

11. Defendant states the note, deed of trust, and all recorded assignments speak for themselves. To the extent paragraph 11 asserts any additional factual allegations or allegations inconsistent with the note, deed of trust, or any recorded assignment, Defendant denies.

12. Defendant admits Plaintiff defaulted on her obligations pursuant to the note. To the extent paragraph 12 of the Complaint asserts any additional factual allegations, Defendant denies.

13. Defendant admits Plaintiff filed for bankruptcy and would state those pleadings speak for themselves. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 13 of the Complaint, and therefore denies the same.

14. Defendant states the pleadings filed in Plaintiff's bankruptcy proceeding speak for themselves. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 14 of the Complaint, and therefore denies the same.

15. Defendant would state that any written correspondence sent to Plaintiff would speak for itself. Otherwise, Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant would state that any written correspondence sent to Plaintiff would speak for itself. Otherwise, Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant would state that any written correspondence sent to Plaintiff would speak for itself. Otherwise, Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant would state that any written correspondence sent to Plaintiff would speak for itself. Otherwise, Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant would state that any written correspondence sent to Plaintiff would speak for itself. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant would state that any written correspondence sent to Plaintiff would speak for itself. Otherwise, Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant would state that any written correspondence sent to Plaintiff would speak for itself. Otherwise, Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant would state that any written correspondence sent to Plaintiff would speak for itself. Otherwise, Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant admits the property was foreclosed on April 5, 2011 and sold for $166,242.00. Defendant denies the remaining allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

## Causes of Action

## Breach of Contract and Anticipatory Breach of Contract

28. To the extent paragraph 28 of the Complaint asserts any factual allegations, Defendant denies.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant states the note and deed of trust speak for themselves. To the extent paragraph 30 of the Complaint asserts any additional factual allegations or allegations inconsistent with the note and deed of trust, Defendant denies.

31. To the extent paragraph 31 of the Complaint asserts any factual allegations or allegations inconsistent with the note and deed of trust, Defendant denies.

32. Defendant admits the subject property was foreclosed. Defendant denies the remaining allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant states the note and deed of trust speak for themselves. To the extent paragraph 35 of the Complaint asserts any additional factual allegations or allegations inconsistent with the note and deed of trust, Defendant denies.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant states the note and deed of trust speak for themselves. To the extent paragraph 37 of the Complaint asserts any additional factual allegations or allegations inconsistent with the note and deed of trust, Defendant denies.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

**Texas Consumer Credit Code/Debt Collection Practices Act**

39. To the extent paragraph 39 of the Complaint asserts any factual allegations, Defendant denies.

40. To the extent paragraph 41[1] of the Complaint asserts any factual allegations, Defendant denies.

41. Defendant denies the allegations in paragraph 42 of the Complaint.

42. Defendant denies the allegations in paragraph 43 of the Complaint.

43. Defendant denies the allegations in paragraph 44 of the Complaint.

44. Defendant denies the allegations in paragraph 45 of the Complaint.

45. Defendant denies the allegations in paragraph 46 of the Complaint. Defendant further denies Plaintiff is entitled to the relief requested therein.

46. Defendant denies the allegations in paragraph 47 of the Complaint. Defendant further denies Plaintiff is entitled to the relief requested therein.

47. To the extent paragraph 48 of the Complaint asserts any factual allegations, Defendant denies. Defendant further denies Plaintiff is entitled to the relief requested therein.

---

[1] The Complaint failed to include a paragraph numbered 40.

**Breach of Common Law Tort of Unreasonable Collection Efforts**

48. To the extent paragraph 49 of the Complaint asserts any factual allegations, Defendant denies.

49. To the extent paragraph 50 of the Complaint asserts any factual allegations, Defendant denies.

50. Defendant denies the allegations in paragraph 51 of the Complaint. Defendant further denies Plaintiff is entitled to the relief requested therein.

51. Defendant denies the allegations in paragraph 52 of the Complaint. Defendant further denies Plaintiff is entitled to the relief requested therein.

52. To the extent paragraph 53 of the Complaint asserts any factual allegations, Defendant denies.

53. To the extent paragraph 54 of the Complaint asserts any factual allegations, Defendant denies. Defendant further denies Plaintiff is entitled to the relief requested therein.

**Negligent Misrepresentation/Gross Negligence**

54. To the extent paragraph 55 of the Complaint asserts any factual allegations, Defendant denies.

55. Defendant denies the allegations in paragraph 56 of the Complaint.

56. Defendant denies the allegations in paragraph 57 of the Complaint.

57. Defendant denies the allegations in paragraph 58 of the Complaint. Defendant further denies Plaintiff is entitled to the relief requested therein.

### Accounting

58. To the extent paragraph 59 of the Complaint asserts any factual allegations, Defendant denies. Defendant further denies Plaintiff has plead a cognizable basis for an accounting.

### Suit to Quiet Title and Trespass to Try Title

59. To the extent paragraph 60 of the Complaint asserts any factual allegations against Defendant, Defendant denies.

60. To the extent paragraph 61 of the Complaint asserts any factual allegations against Defendant, Defendant denies.

### Declaratory Judgment

61. To the extent paragraph 62 of the Complaint asserts any factual allegations against Defendant, Defendant denies. Defendant further denies Plaintiff is entitled to the declarations requested in paragraph 62 of the Complaint.

62. To the extent paragraph 63 of the Complaint asserts any factual allegations against Defendant, Defendant denies. Defendant further denies Plaintiff is entitled to the declarations requested in paragraph 63 of the Complaint.

### Damages

63. To the extent the second paragraph 63 of the Complaint asserts any factual allegations, Defendant denies. Defendant further denies Plaintiff is entitled to the relief requested therein or incurred the damages identified in subparts (A) through (F).

### Demand for Jury Trial

64. To the extent paragraph 64 of the Complaint asserts any factual allegations against Defendant, Defendant denies.

65. Defendant denies Plaintiff is entitled to the relief requested in the prayer, including subparts (a) through (i).

## II. AFFIRMATIVE DEFENSES

66. Defendant specifically denies all conditions precedent to Plaintiff's claims for recovery have occurred or been met.

67. Plaintiff failed to state a cause of action upon which relief can be granted. *BCY Water Supply Corp. v. Residential Invs.*, Inc., 170 S.W.3d 596, 603 (Tex. App.—Tyler 2005, pet. denied) (a promise to refrain from doing a future act which is not actionable as a negligent misrepresentation); *Federal Land Bank Assoc. of Tyler v. Sloane*, 825 S.W.2d 439 (Tex. 1992). *UMLIC VP LLC v. T & M Sales and Envtl. Sys., Inc.*, 176 S.W.3d 595, 612-15 (Tex. App.—Corpus Christi 2005, pet. denied) (holding mortgagor owed mortgagee no duty in negligence for foreclosure-related conduct); *Richardson v. CitiMortgage, Inc.*, No. 6:10-CV-119, 2010 WL 4818556, at *5 (E.D. Tex. Nov. 22, 2010); *Santarose v. Aurora Bank FSB*, No. H-10-720, 2010 WL 2232819, at *5 (S.D. Tex. June 2, 2010) (concluding that, "[b]y the plain language of the Deed of Trust, MERS had the right to foreclose the property.").

68. Some or all of Plaintiff's claims are barred by the economic loss doctrine. *Blanche v. First Nationwide Mortgage Corp.*, 74 S.W3d 444 (Tex. App.—Dallas 2002, no pet.)

69. Defendant seeks credit or offset for amounts owed under the note and deed of trust, and for any amounts owed for the use of the property following foreclosure.

70. Plaintiff's claims are barred, in whole or in part, for Plaintiff failing to mitigate her damages.

71. Plaintiff's claims are barred, in whole or in part, by the negligence and/or comparative responsibility of Plaintiff, persons acting on Plaintiff's behalf, and/or third parties.

72. Plaintiff is not a "consumer" under the acts upon which she seeks relief. *RICO v. JPMorgan Chase Bank, N.A.*, No. 3:10-cv-1643, at 8 (N.D. Tex. May 10, 2011) (citing *FDIC v. Munn*, 804 F.2d 860, 865 (5th Cir. 1986)); *Marketic v. U.S. Bank Nat'l Assoc.*, 436 F. Supp. 2d 842, 854-855 (N.D. Tex. 2006); *Mendoza v. American Nat'l Ins. Co.*, 932 S.W.2d 605, 608 (Tex. App.—San Antonio 1996, no writ); *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558-566-67 (Tex. 1984); *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 174-75 (Tex. 1980).

73. Defendant is not a "debt collector" under the acts upon which she seeks relief. TEX. FIN. CODE § 392.001(7).

74. Plaintiff lacks standing to assert the claims alleged herein.

75. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

76. Plaintiff's damages, if any, were caused or contributed to by her own prior breach of contract. *Interceramic, Inc. v. South Orient R.R. Co., Ltd.*, 999 S.W.2d 920, 924 (Tex. App.—Texarkana 1999, pet. denied) (collecting cases).

77. Some or all of Plaintiff's claims may be barred by the parol evidence rule and statute of frauds. TEX. BUS. & COM. CODE §§ 26.001(a), (b)(4), 26.02; *Carl Wayne Vineyard v. BAC Home Loan Serciving, LP*; No. A-10-CV-842-LY; *Deuley v. Chase Home Finance LLC*, No. 4:05-CV-4253, 2006 WL 1155230, at *2 (S.D. Tex. April 26, 2006) (citing *Garcia v. Karam*, 276 S.W.2d 255, 257 (Tex. 1955)).

78. Plaintiff's punitive damages claims are barred in whole or in part by the Due Process Clause and the Excessive Fines Clause of the United States Constitution, Chapter 41 of the Texas Civil Practice & Remedies Code, or any other applicable law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Bank of America, N.A., individually and as successor by merger to BAC Home Loans Servicing, LP prays that Plaintiff take nothing by this suit, and that Defendant goes hence and recover costs in its behalf expended, as well as such other and further relief as to which it may be justly entitled.

Date: January 6, 2012

Respectfully submitted,

*D. Stewart Clancy*

C. Charles Townsend, SBN: 24028053
D. Stewart Clancy, SBN: 24027926
Justin R. Opitz, SBN: 24051140
AKERMAN SENTERFITT, LLP
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile: 214.981.9339

**ATTORNEYS FOR DEFENDANT
BANK OF AMERICA, N.A.
INDIVIDUALLY AND AS SUCCESSOR
BY MERGER TO BAC HOME LOANS
SERVICING, LP**

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT  Page 10 of 11
Case No. 4:11-cv-00356; *Jane McCarthy v. Bank of America, N.A., et al.*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 6, 2012, a true and correct copy of the foregoing was served through the Court's electronic filing system and by certified mail, return receipt requested, upon:

Jack B Peacock, Jr.
Gagnon Peacock Shanklin & Vereeke PC
4245 North Central Expressway
Suite 250 Lock Box 104
Dallas, TX 75205
*Attorney for Plaintiff*

 

_____
D. Stewart Clancy